**Dated: August 10, 2018**
**The following is SO ORDERED:**

_____
**David S. Kennedy**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **In re** | **Case No. 13-29432-K** |
| **Terry Lyle Clothier and** | **Joint Chapter 7** |
| **Barbara Jean Clothier** | |
| **fka Barbara J. Crigger,** | |
| **Debtors.** | |
| **S.S.N: xxx – xx – 4570 (H)** | |
| **S.S.N: xxx – xx – 9927 (W)** | |

| | |
|---|---|
| **Terry Lyle Clothier and** | |
| **Barbara Jean Clothier,** | |
| **Plaintiffs,** | |
| **v.** | **Adv. Proc. No. 18-00104-K** |
| **Internal Revenue Service,** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER ON PLAINTIFFS' F.R.B.P. 7056 MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S F.R.B.P. 7056 MOTION FOR SUMMARY JUDGMENT COMBINED WITH NOTICE OF THE ENTRY THEREOF**

1

## INTRODUCTION

On September 4, 2013, the above-named Plaintiffs/Debtors, Terry Lyle Clotheir and Barbara Jean Clothier fka Barbara J. Crigger, filed a joint no-asset case under Chapter 7 of the Bankruptcy Code.  On December 18, 2013, they both received general discharges under 11 U.S.C. § 524(a)(1) of all their dischargeable debts whereupon this case was closed.  On March 1, 2018, this case was reopened under 11 U.S.C. § 350(b) and F.R.B.P. 5010 to allow the Debtors to file the instant complaint under 11 U.S.C. § 523(a)(1) to determine the dischargeability of certain prepetition income tax obligations owed to the Defendant, the Internal Revenue Service ("IRS").  On May 16, 2018, Debtors filed a motion pursuant to F.R.B.P. 7056 for summary judgment (dkt. no. 6) to which the IRS responded and also filed its own motion for summary judgment (dkt. no. 13).

For the reasons discussed below, the Court will grant Debtors' motion for summary judgment as to the 2008 tax debt and also grant the IRS's motion for summary judgment as to the 2009 tax debt.

## JURISDICTION

Determinations as to dischargeability of particular debts are core proceedings which the Court may both hear and determine under 28 U.S.C. § 157(b)(2)(I).  The Court has subject matter jurisdiction under 28 U.S.C. § 1334(a)-(b) and § 157(a).

## FACTS

The relevant background facts in this proceeding are simple and undisputed.

Debtors owed income taxes to the IRS for tax years 2008 and 2009. (Dkt. no. 7, *Memorandum in Support of Motion for Summary Judgment* ("*Memorandum*") 1.)  The deadline for the filing of each of those tax returns was extended to October 15, 2009 and October 15, 2010

2

respectively. (Dkt. no. 14, *Memorandum in Support of Response to Motion for Summary Judgment and Cross Motion for Summary Judgment* ("*Response*") 7.)

Debtors filed a Chapter 11 petition on January 19, 2012. (*Memorandum* at 1.)  The Chapter 11 case was dismissed on June 5, 2013. (*Id.*)  Debtors thereafter filed a joint Chapter 7 petition on September 4, 2013 and received general discharges of all their dischargeable debts on December 18, 2013. (*Id.*)  The IRS was listed as a prepetition creditor and was sent notice of the commencement of this joint Chapter 7 bankruptcy case. (*Id.*)  The IRS did not file a proof of claim in this no-asset Chapter 7 case. (*Id.*)

## ANALYSIS

### A. Failure to File a Proof of Claim

Debtors maintain that the IRS's failure to file a proof of claim in the case negates any priority it might have been entitled.  None of the legal authority Debtors cite states that failure to file a proof of claim results in the loss of priority/non-dischargeable status in a no-asset Chapter 7 case.  Simply put, filing a proof of claim in a no-asset Chapter 7 is not necessary. *See, for example, In re Simmons*, 765 F2d 547, 551 (5th Cir. 1985); *Eide v. Colltech, Inc.*, 987 F. Supp. 2d 951, 958 (D. Minn. 2013); *In re Anderson*, 72 B.R. 783, 787 (Bankr. D. Minn. 1987).  In fact, the *Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors and Fixing of Dates* (dkt. no. 6 in the main case) specifically advises creditors NOT to

file a proof of claim unless they are subsequently notified that assets exist for distribution to creditors.

Because there is no statutory or procedural requirement to file a proof of claim in a no-asset Chapter 7 case, the IRS did not lose its priority status (or any other rights) by not filing a proof of claim.

### B. The Dischargeability of the Tax Debts

Under 11 U.S.C. § 523(a), an individual debtor shall not be discharged from any tax debt specified in § 507(a)(8). Specifically, § 507(a)(8) defines such tax debts as follows:

> . . . allowed unsecured claims of governmental units, only to the extent that such claims are for--
> (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition--
> (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
> (ii) assessed within 240 days before the date of the filing of the petition, exclusive of--
> (I) any time during which an offer in compromise with respect to that tax was pending or in effect during that 240-day period, plus 30 days; and
> (II) any time during which a stay of proceedings against collections was in effect in a prior case under this title during that 240-day period, plus 90 days; or
> (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

Each subsection of § 507(a)(8)(A) is an independent ground for declaring an income tax obligation non-dischargeable. However, in this case, there seems to be agreement that neither subsection (ii) nor (iii) of § 507(a)(8)(A) are applicable and the only dispute is if the income tax obligations here fall within the time frame established under subsection (i) of § 507(a)(8)(A).

The income tax obligations at issue in this proceeding are for the tax years 2008 and 2009. Starting with the 2009 tax obligations, the analysis is simple. Debtors' 2009 tax return

4

was due on April 15, 2010; however, Debtors were granted an extension, making the applicable date October 15, 2010.  Debtors filed their joint Chapter 7 bankruptcy case on September 4, 2013, less than three years after when the tax return was last due.  Therefore, Debtor's tax obligations for 2009 were not discharged in this Chapter 7 case.

The analysis is the same for the 2008 tax year, but with a different result.  Debtors' 2008 tax return was due on April 15, 2009; once again, Debtors were granted an extension, making the applicable date October 15, 2009.  When Debtors filed their Chapter 7 no-asset bankruptcy case on September 4, 2013, more than three years had passed since the date when the return was last due.  Therefore, Debtors' tax obligations for 2008 did not satisfy 11 U.S.C. § 507(a)(8)(A)(i).

The IRS contends, however, that the three-year-lookback period is tolled while another bankruptcy case is pending.  The IRS argues because Debtors were in a Chapter 11 case from January 19, 2012 until June 5, 2013, the three-year-lookback period had not run when Debtors filed their joint Chapter 7 case on September 4, 2013.  Clearly, 11 U.S.C. § 507(a)(8)(A)(i) does not contain such a tolling provision.  Instead, the IRS relies on *Young v. United States*, 535 U.S. 43 (2002), a case with almost identical background facts which holds that 11 U.S.C. § 507(a)(8)(A)(i) is tolled by a prior bankruptcy case.

At first glance, the holding in *Young* would seem to be controlling on this issue; however, *Young* was decided in 2002, three years before Congress passed sweeping changes to the Bankruptcy Code in 2005.  At the time when *Young* was decided, section 507(a)(8)(A)(ii)(II) did not exist.  No subsection of § 507(a)(8)(A) contained a tolling provision.  That Congress passed such a tolling provision for subsection (ii) but not for subsection (i) or subsection (iii) is a strong indication that those subsections are not to be tolled.  Further, because Congress was presumably aware of the holding in *Young*, this Court must assume that Congress's decision to add a tolling

5

provision for § 507(a)(8)(A)(ii) and not for (i) or (iii) was intentionally meant by Congress to overrule the holding in *Young*.

The Court is mindful that this seems to create the very loophole that the holding in *Young* was meant to fill. That is, debtors can file a Chapter 13 case, prevent the IRS from collecting until they are outside of the three year period, dismiss that case, and then file a Chapter 7 case and successfully discharge the taxes. Whether this is good policy is beyond this Court's authority. Congress passed a statutory provision containing a tolling provision for one subsection and not for the other two subsections. Basic statutory interpretation requires this Court to apply the statute as written. Therefore, this Court finds that 11 U.S.C. § 507(a)(8)(A)(i) does not toll during a prior bankruptcy case.

Because the Debtors' 2008 tax return was last due more than three years before the filing of this bankruptcy case, the 2008 tax debt was not a priority claim and, therefore, was discharged. Accordingly, summary judgment is granted in favor of the Debtors on the issue regarding the 2008 tax debt.

Debtors' 2009 tax return was last due less than three years before the filing of the bankruptcy case, so the 2009 tax debt was priority and was not discharged. Accordingly, summary judgment is granted in favor of the IRS on the issue of the 2009 tax debt.

## CONCLUSION

The parties agreed at the hearing on this matter that there are no disputed background facts in this case and that the matter involves a pure question of law. Considering the undisputed background facts and applicable law, summary judgment is granted in favor of the Debtors regarding the Debtors' 2008 tax debt, and summary judgment is granted in favor of the IRS regarding the Debtors' 2009 tax debt.

BASED ON ALL OF THE FOREGOING, IT IS ORDERED AND NOTICE IS HEREBY GIVEN that:

1. Debtors' F.R.B.P. 7056 motion for summary judgment is **GRANTED** as to the Debtors' 2008 tax debt**.** This tax debt is hereby dischargeable.

2. The IRS's F.R.B.P. 7056 motion for summary judgment is **GRANTED** as to the Debtors' 2009 tax debt**.** This tax debt is hereby non-dischargeable.

3. The Bankruptcy Court Clerk shall cause a copy of this Memorandum, Order, and Notice of the entry thereof to be sent to the following:

    William Cohn, Esq.
    *Attorney for the Plaintiffs*
    291 Germantown Bend Cove
    Cordova, TN 38018

    Terry Lyle Clotheir, *Debtor/Plaintiff*
    2252 Kilbirnie Dr.
    Germantown, TN 38139

    Barbara Jean Clothier, *Debtor/Plaintiff*
    2252 Kilbirnie Dr.
    Germantown, TN 38139

    Barbara Zoccola, Esq.
    *Assistant United States Attorney (W.D. Tenn.)*
    167 N. Main, Ste. 800
    Memphis, TN 38103

    Monica Simmons-Jones, Esq.
    *Assistant United States Attorney (W.D. Tenn.)*
    167 N. Main, Ste. 800
    Memphis, TN 38103

    U.S. Trustee for Region 8
    Office of the U.S. Trustee
    One Memphis Place
    200 Jefferson Avenue, Suite 400
    Memphis, TN 38103